IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CLABORNE VALENTINE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:16-cv-1221-D-BN |
| | § | |
| VETERANS AFFAIRS, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This *pro se* action, in which leave to proceed *in forma pauperis* has been granted, has been referred to the undersigned United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sidney A. Fitzwater. The undersigned issues the following findings of fact, conclusions of law, and recommendation that, because the Court lacks subject-matter jurisdiction, the Court should dismiss this action without prejudice.

**Applicable Background**

As reflected in his original complaint, as amended by his verified responses to the Court's questionnaire, *see* Dkt. Nos. 3 & 8, Plaintiff Claborne Valentine brings this action against the Department of Veterans Affairs ("VA") under the Federal Tort Claims Act ("FTCA"), asserting that, as to a testicular injury, the VA failed to diagnose and/or treat his condition and that, as to the same injury, the VA wrongly denied his disability claim. Regarding the second assertion, Valentine claims that the VA has

failed to comply with provisions of the Code of Federal Regulations that concern the rating of disabilities (38 C.F.R. Chapter I Part 4) – specifically the regulation pertaining to the rating of the genitourinary system, *see, e.g.*, Dkt. No. 8 at 11-12 (citing 38 C.F.R. § 4.115b).

It appears from documents attached to the verified questionnaire responses that Valentine served in the Marine Corps from June 1981 to February 1982. *See id.* at 9 & 15.

Asked to provide documents or, alternatively, a time line of his communications with the VA concerning the claim he now brings, Valentine states that he first filed a claim "for testicular loss" with the VA in 1985. *See id.* at 5. He states he received neither a response to that claim nor a response to a claim he made in 1987. *See id.* In 1992, he contacted his congressman, and he later received "10% for [his] knee and 0 for testicular loss." *Id.* The denial of benefits as to his testicular injury was affirmed by "the Appeals Board in Washington, D.C." in 1997. *Id.*

Valentine states that he located the federal regulation that is the basis of this lawsuit in 2009, and he then pursued further action with the VA:

> I found the 38 CFR that applied to my testicular loss [in 2009, and] applied for benefits under this 38 CFR and was denied.... I filed a Notice of Disagreement with [VA] for my loss[, but VA failed to respond]. So in January 2016 I filed a $10,000,000 SF 95 with [VA] for noncompliance[, but] they denied me [in] March 2016. I filed a S9 form with [VA] advising this entity that I'm filing suit against it. They not responded [sic].

*Id.*

Related to action that Valentine alleges that he took in 2009, excerpts of

documents that he attaches to his verified questionnaire responses show that the VA issued a rating decision in April 2010, confirming its previous determination as to Valentine's claimed testicular injury: "Service connection for left orchiectomy, claimed as left testicle condition, is granted with an evaluation of 0 percent effective September 1, 2009." *Id.* at 9. Valentine's handwritten annotation next to this decision provides: "The VA's in non-compliance with a 38 CFR directive. 7524 Testis removal on appeal." *Id.*

As to Valentine's decision to challenge the 2009/2010 determination more than six years later, Valentine also includes a letter from the VA dated February 17, 2016, acknowledging receipt of his "claim, in the amount of $10,000,000.00 received on Februkary [sic] 16, 2016, for disposition. VA will process your administrative tort claim under the [FTCA]." *Id.* at 13. And Valentine has sent to the Court related correspondence – the first page of a letter from the VA, denying the claim he made on February 16, 2016:

> The Department of Veterans Affairs (VA) has investigated the above-referenced matter under the Federal Tort Claims Act (FTCA). This claim, received by VA on February 16, 2016, alleged that your testicle area was injured.
>
> Based on our investigation it appears your alleged harm occurred in May 1981. A tort claim is barred unless it is presented within two years after the claim accrues, as provided in section 2401(b), title 28, United States Code (U.S.C.). In addition injuries incurred during military service are excluded from coverage under the Federal Tort Claims Act. Finally the Texas Statute of Repose which [sic] does not allow cases to be considered after 10 years from date of accrual. Accordingly, we deny your claim.
>
> Further action on the matter may be instituted in accordance with the FTCA, sections 1346(b) and 2671-2680, title 28, U.S.C., which provides

> that a tort claim that is administratively denied may be presented to a federal district court for judicial consideration. Such a suit must be initiated within six months after the date of mailing of this notice of final denial as shown by the date of this letter (section 2401(b), title 28, U.S.C.). In any lawsuit, the proper party defendant is the United States, not the Department of Veterans Affairs.

Dkt. No. 9 at 2.

## Legal Standards and Analysis

Under the FTCA, federal courts have "exclusive jurisdiction of civil actions on claims against the United States for money damages for personal injury caused by the negligent or wrongful acts or omissions of any federal employee while acting within the scope of his office or employment." *Esquivel-Solis v. United States*, 472 F. App'x 338, 340 (5th Cir. 2012) (per curiam) (citing 28 U.S.C. § 1346(b)(1)). But, "[s]ince a suit under the FTCA constitutes a waiver of sovereign immunity, the provisions that allow suit must be strictly construed, and the administrative prerequisite cannot be waived." *Gibbs v. Miner*, No. 3:10-cv-228-M, 2010 WL 1711703, at *1 (N.D. Tex. Apr. 2, 2010), *rec. adopted*, 2010 WL 1730786 (N.D. Tex. Apr. 27, 2010) (citing *Gregory v. Mitchell*, 634 F.2d 199, 203-04 (5th Cir. 1981)).

First, Valentine has confirmed that this is a *pro se* FTCA action against the VA alone. *See* Dkt. No. 1 at 8. Such an action, however, "may be brought against only the United States, and not the agencies or employees of the United States." *Esquivel-Solis*, 472 F. App'x at 340 (citing 28 U.S.C. §§ 2671, 2679; *Galvin v. OSHA*, 860 F.2d 181, 183 (5th Cir. 1988)). And "an FTCA claim brought against a federal agency or employee rather than the United States shall be dismissed for want of jurisdiction." *Id.* (citations

omitted); *see also Galvin*, 860 F.2d at 183 ("[A]n FTCA claim against a federal agency or employees as opposed to the United States itself must be dismissed for want of jurisdiction."); *Nicosia v. Sec'y of Army*, 220 F.3d 585, 2000 WL 959898, at *1 (5th Cir. June 13, 2000) (per curiam) (failure to "name the United States as a defendant ... is fatal to FTCA jurisdiction").

The Court has a "duty to construe *pro se* [filings] liberally so that a litigant will not suffer simply because he did not attend law school or find a suitable attorney." *United States v. Ayika*, 554 F. App'x 302, 308 (5th Cir. 2014) (per curiam). In light of this duty, other courts have added the United States as a defendant *sua sponte*, rather than dismiss a *pro se* FTCA suit. *See, e.g.*, *Lewis v. Maye*, No. 13-3050-SAC, 2013 WL 1873252, at *3 (D. Kan. May 3, 2013) ("the court liberally construes this *pro se* complaint by substituting the United States as the only defendant in plaintiff's FTCA claim"); *cf. Sereseroz v. Dep't of VA*, No. 3:14-cv-2723-M, 2014 WL 5297375 (N.D. Tex. Oct. 16, 2014) (liberally construing *pro se* FTCA claim against "United States of America/Dept of VA" "to mean Plaintiff is suing the United States of America and the VA separately").

Here, however, the Court need not consider whether it should *sua sponte* substitute the United States as the proper defendant, because, as to any denial by the VA that is not time barred, Valentine failed to exhaust his administrative remedies prior to filing this action.

To begin, Valentine's allegations reflect that he has been seeking compensation for his testicular injury since 1985. Prior to the administrative action that he states

that he initiated in 2016, the last time he states that he pursued benefits for this injury was in 2009 and 2010, and he includes a related VA rating decision from April 2010.

The FTCA "provides that a tort claim against the United States 'shall be forever barred' unless it is presented to the 'appropriate Federal agency within two years after such claim accrues' and then brought to federal court 'within six months' after the agency acts on the claim." *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1629 (2015) (quoting 28 U.S.C. § 2401(b)); *see also Sandoz v. United States*, Civ. A. No. 15-3697, 2016 WL 1545662, at *3 (E.D. La. Apr. 15, 2016) ("[T]ort claimants filing suit against the United States can be barred by the statute of limitations in two ways: (1) they can be barred if they do not file a claim with the appropriate federal agency within two years; or (2) they can be barred even if they do file a timely administrative claim, but fail to file a suit in district court within six months after the agency mails its notice of final denial of their claim.").

To the extent that this action is a challenge to the April 2010 VA decision, such a challenge is clearly barred by the statute of limitations. *See Wilson v. U.S. Penitentiary Leavenworth*, 450 F. App'x 397, 399 (5th Cir. 2011) (per curiam) (*pro se* FTCA and *Bivens* claims) ("'[W]here it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed' as frivolous pursuant to § 1915(e)." (quoting *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993))).

The FTCA's statute of limitations is subject to equitable tolling. *See Trinity Marine Prods., Inc. v. United States*, 812 F.3d 481, 488 (5th Cir. 2016) (discussing

*Wong*, 135 S. Ct. at 1638 (holding that the FTCA's statute of limitations was "non-jurisdictional and subject to equitable tolling")). But Valentine's own allegations reflect that he did not pursue his rights as to the 2010 decision diligently – waiting until 2016 to again pursue further action – and he has failed to show, moreover, "that some extraordinary circumstance stood in his way and prevented timely filing" of a federal-court action regarding the 2010 decision. *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

The Court should therefore conclude that this action concerns the VA claim Valentine filed in February 2016.

"A plaintiff may bring a claim under the FTCA only when: (1) the agency has denied the claim in a writing sent to the claimant by certified or registered mail, or (2) the claim is deemed denied by the passage of six months from its filing date without disposition." *Gibbs*, 2010 WL 1711703, at *1 (citing 28 U.S.C. § 2675(a)). This requirement "is a jurisdictional prerequisite," and "because presentment is a condition upon which the government consents to be sued under the FTCA's waiver of sovereign immunity, it must be strictly construed in favor of the United States." *Barber v. United States*, ___ F. App'x ___, No. 15-60614, 2016 WL 1253819, at *1 (5th Cir. Mar. 30, 2016) (per curiam) (respectively citing *Cook v. United States*, 978 F.2d 164, 165-66 (5th Cir. 1992) and quoting *Atorie Air, Inc. v. Fed. Aviation Admin.*, 942 F.2d 954, 958 (5th Cir. 1991); internal bracket and quotation marks omitted).

While Valentine states that his February 2016 claim – the existence of which is

supported by documents attached to verified questionnaire responses – was denied in March 2016, he later submitted correspondence reflecting that his claim was not denied until June 2016.

To the extent that there is a conflict between the allegations and documents submitted, because the Court is screening this *pro se* action to determine whether subject-matter jurisdiction exists, the inquiry is more akin to adjudicating a factual attack on subject-matter jurisdiction, pursuant to which the Court may look beyond the allegations in the complaint. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) ("Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."); *cf. Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940) ("Where there is a conflict between allegations in a pleading and exhibits thereto, it is well settled that the exhibits control.") (cited in *Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009) ("when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern" (citation omitted))).

Therefore, accepting the documentary evidence, although Valentine has submitted correspondence reflecting that his February 2016 claim was denied in June 2016, because he filed this action on May 5, 2016, "before his administrative claim was denied or six months had passed," the Court lacked subject-matter jurisdiction over the action when it was filed, and the Court still lacks subject-matter jurisdiction. *Hinojosa*

*v. U.S. Bureau of Prisons*, 506 F. App'x 280, 283 (5th Cir. 2013) (per curiam) ("Hinojosa filed his complaint just one week after filing his administrative claim, before his administrative claim was denied or six months had passed. Though his administrative claim has since been denied, that has no bearing on the jurisdictional issue."); *see also Pearson v. United States*, No. SA-12-CA-1028-XR, 2013 WL 3450147, at *4 (S.D. Tex. July 8, 2013) (discussing *Reynolds v. United States*, 748 F.2d 291 (5th Cir. 1984): "In *Reynolds*, the court determined that parties must strictly adhere to statutory mandates that suits may be filed only after administrative avenues have been exhausted. Reynolds filed an administrative claim with the [VA] on April 22, 1982 for injuries suffered in a fall, and she filed an FTCA suit against the VA on August 10, 1982. The VA sent Reynolds a notice of denial of her claim on October 22, 1982. The Fifth Circuit held that, not only did the district court properly dismiss the Plaintiff's suit for lack of subject matter jurisdiction, but also that the district court properly dismissed the amended complaint [filed June 13, 1983]. The Fifth Circuit reasoned that under Federal Rule of Civil Procedure 15(c), the amended complaint could only relate back to the date on which the original complaint was filed, at which time the district court lacked subject matter jurisdiction." (internal citations omitted)).

**Recommendation**

Because the Court lacks subject-matter jurisdiction, the Court should dismiss this action without prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 13, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE